## Guggenheimer's Appeal.

Equity will not enforce a contract made for the purpose of hindering and delaying creditors.

(Decided March 1, 1886.)

Appeal from a decree in equity of the Common Pleas of Center County dismissing plaintiff's bill. Affirmed.

NOTE.—Likewise, specific performance will not be decreed when the vendee has secured the execution of the contract by fraud. Orne v. Kittanning Coal Co. 114 Pa. 172. 6 Atl. 358; Friend v. Lamb, 152 Pa. 529, 34 Am. St. Rep. 672, 25 Atl. 577; Brown v. Pitcairn, 148 Pa. 387, 33 Am. St. Rep. 834, 24 Atl. 52; Brady's Appeal, 66 Pa. 277. But, if fraudulent representation be alleged, it must appear that the contract was entered into on the strength of it. Phipps v. Buckman, 30 Pa. 401.

The point upon which this case was decided appears in the opinion.

*Adam Hoy,* for appellant.—That a bill of sale, absolute on its face, may be shown by parol evidence to have been intended as a security is abundantly illustrated by the well-established law in Pennsylvania, that a deed absolute upon its face may be shown by parol evidence to have been intended as a security or mortgage, and it has been so held as to a bill of sale in Connelly v. Walker, 45 Pa. 452.

The court below, without saying anything about the true intent of the parties in making the agreement, holds it fraudulent and void, because the plaintiff was to receive a benefit under a secret trust, and refers to Reichart v. Castator, 5 Binn. 109, 6 Am. Dec. 402; Passmore v. Eldridge, 12 Serg. & R. 198; Sickman v. Lapsley, 13 Serg. & R. 224, 15 Am. Dec. 596; Telford v. Adams, 6 Watts, 429; M'Culloch v. Hutchinson, 7 Watts, 434, 32 Am. Dec. 776; Shaffer v. Watkins, 7 Watts & S. 219; Evans v. Dravo, 24 Pa. 62, 62 Am. Dec. 359; Connelly v. Walker, 45 Pa. 449; Hershey v. Weiting, 50 Pa. 241; Bentz v. Rockey, 69 Pa. 71; Winton v. Freeman, 102 Pa. 366, in support of his conclusions, as he interprets them. But a careful examination of the cases and the facts will show them to be different, radically, from our case.

Now, in all these cases there was a clear intent to put the property out of the reach of creditors, and the entire estate of the vendor was transferred, and, when any consideration was paid, it was pocketed by the vendor. But in this case the plaintiff did not want or mean to convey; did not intend to cover up his assets. He intended to borrow money to pay his creditors. He intended to pledge his store as security for the money borrowed, and when the bill of sale was presented for execution, he refused to sign it until he was assured it was to operate as collateral security, and the form of the bill was adopted to make the collateral effective; then he only signed it to make it a good collateral; the Center Hall store was only a small portion of his personal property; his store in Bellefonte was worth three or four times its value; he continued in business, and is still keeping store in Bellefonte.

Taking all the evidence, the proof is clear that Guggenheimer intended to make the transfer as pledge to secure creditors, and

did not intend to hinder and delay creditors; and so the master finds from the evidence.

To make a conveyance or transfer of property void under the statute of 13 Elizabeth, there must be an intention to defraud. In the recent case of Lake Shore Bkg. Co. v. Fuller, 110 Pa. 156, 1 Atl. 731, Mr. Justice GREEN, reviewing the case, shows that every preference is not a fraud, although the effect of preferring one creditor may tend to, and actually does, hinder and delay other creditors, and briefly puts it: "The statute of 13 Elizabeth is aimed only at intended fraud."

In the case of Bugbee's Appeal, 110 Pa. 331, 1 Atl. 273, Mr. Justice GORDON makes the intention of the vendor the governing principle of the case and reverses the court below and sustains the master's finding. "When there is no question of bankruptcy, the transfer of property by an insolvent debtor to a creditor for a debt, accompanied by delivery of possession, is not fraudulent and void, if there be no intent to hinder [or delay] . . . creditors, though this may be the tendency." Bentz v. Rockey, 69 Pa. 71.

To obtain an instrument of writing for one purpose, and then attempt to use it for another purpose to the injury of the person who executed it, is a fraud.

Brockerhoff's conduct after he got possession made him a trustee *ex maleficio*, and he should be made to account as the master found.

For this conclusion the case of Bierbower's Appeal, 107 Pa. 14, is a direct authority in which it is held that a bill in equity may be maintained, when fraud is alleged in procuring an absolute assignment of a security intended as collateral security, whereby a trust arose; and when the relief prayed for is an account and a decree that the defendant pay to the complainant the excess averred to have been received from such assigned security over and above the debt it was intended to secure. See also, as to trust *ex maleficio*, Long v. Perdue, 83 Pa. 214, and Seichrist's Appeal, 66 Pa. 241.

The fact that in a case like this assumpsit might be brought will not oust the judgment in equity where the parties and circumstances are such that the remedy afforded in equity is more appropriate and more convenient than at law. Bierbower's Appeal, 107 Pa. 14.

*Beaver & Gephart* for appellee.—If a debtor assigns his prop-

erty to a creditor, in consideration of a debt really due, upon a secret trust that he shall receive a benefit, either by a return of a part of the property or a loan of it on beneficial terms, and the transaction taken altogether has a direct tendency to protect the property of the debtor from his other creditors, the assignment is fraudulent and void. Passmore v. Eldridge, 12 Serg. & R. 198.

B., being in insolvent circumstances, executed to M. an assignment of a stock of goods absolute upon its face, and delivered possession. Upon proof of an agreement between the parties that M. should sell the goods, and, after satisfying a debt due to himself, that he should pay the residue to B., the transaction was held to be fraudulent and void. M'Culloch v. Hutchinson, 7 Watts, 434, 32 Am. Dec. 776.

A transfer of personal property which creates a trust, whether secret or avowed, in favor of the grantor, renders the transaction fraudulent and void in legal contemplation, although there may be mingled with it provisions in favor of creditors. Shaffer v. Watkins, 7 Watts & S. 219.

A bill of sale absolute upon its face, by an insolvent debtor, and delivery of possession of goods in pursuance of it, is fraudulent and void as against creditors, if accompanied by a secret trust from which the debtor might ultimately derive a pecuniary benefit. Connelly v. Walker, 45 Pa. 449.

The rule clearly deducible from all the cases is, that no debtor can, in an assignment, make a reservation at the expense of his creditors of any part of his income or property for his own benefit; nor can he stipulate for any advantage, either to himself or family.

This rule is equally applicable when the transaction takes the form of an absolute sale, and there is a secret stipulation by which some pecuniary benefit or advantage is reserved for the vendor. And accordingly, it has been held that a bill of sale, absolute upon its face, by an insolvent debtor, and delivery of possession of the goods in pursuance of it, is fraudulent and void as against creditors, if accompanied by a secret trust from which a debtor might derive advantage or pecuniary benefit. Bentz v. Rockey, 69 Pa. 77; Reichart v. Castator, 5 Binn. 109, 6 Am. Dec. 402; Montefiori v. Montefiori, 1 W. Bl. 363, 1 Fonblanque, Eq. 164; Sickman v. Lapsley, 13 Serg. & R. 225, 15

Am. Dec. 596; Telford v. Adams, 6 Watts, 429; Hershey v. Weiting, 50 Pa. 240.

PER CURIAM:

We agree with the court below that, without regard to the equities of the parties to this bill as between themselves, it having been made apparent from the evidence that the agreement between them was executed with the design to hinder and delay creditors, equity will not intervene to enforce a transaction thus exhibiting the taint of fraud.

The judgment is affirmed.